### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF KANSAS

| | |
|---|---|
| **DUSTIN MCALISTER** )<br>*on behalf of himself and others* )<br>*similarly situated,* )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>**FIDELITY BANK** )<br> )<br>Defendant. )<br>_____ | Case No.: 18-cv-2274 |

## COMPLAINT
## Collective Action under Fair Labor Standards Act

**COMES NOW**, the Plaintiff Dustin McAlister, on behalf of himself and all others similarly situated, and brings this action against Defendant Fidelity Bank for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all similarly situated persons working as mortgage loan originators for Defendant. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts and experiences of others similarly situated.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, in that this action is being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

2. Venue is proper in the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1391 because Defendant opearted business at Plaintiff's office

lcoated at 13330 S. Waverly St., Olathe, Johnson County, Kansas where Plaintiff performed work as a mortgage loan originator for Defendant.

## PARTIES

3. Defendant Fidelity Bank is a banking institute that falls under the national bank charter class. Its headquarters is located at 177 S. Jordan Creek Parkway, West Des Moines, Iowa 50266. Defendant operates its retail mortgage services at this location along with employing mortgate loan orignators in Kansas, Missouri, and other locations in Iowa within the past three years. The Defendant's President and Chief Executive Officer is Bruce Greenfield.

4. Defendant is engaged in interstate commerce by, among other things, selling mortgage loans and other financial products to customers throughout the United States.

5. Upon information and belief, Defendant's gross annual sales made or business done has been $500,000 per year or greater at all relevant times.

6. Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

7. Plaintiff Dustin McAlister (hereafter "Plaintiff") resides in Overland Park, Kansas. Plaintiff worked for Defendant as a mortgage loan originator from on or about June 2017 through on or about May 2018 at his home office located at 13330 S. Waverly St., Olathe, Johnson County, Kansas.

8. Plaintiff, and other similarly situated mortgage loan originators, are current or former employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

9.      Plaintiff and others similarly situated have been employed by Defendant within two to three years prior to the filing of this lawsuit.  *See* 29 U.S.C. § 255(a).

## FACTUAL ALLEGATIONS

10.     Plaintiff and others similarly situated work(ed) as mortgage loan originators for Defendant.

11.     Defendant is a financial institution that, among other things, sells financial products to customers including mortgage products.

12.     As mortgage loan originators, Plaintiff and others similarly situated, had or have the primary duty of selling mortgage loan products for Defendant.  This primary duty established the Plaintiff and others similarly situated as being entitled to overtime pay under the FLSA (*i.e.,* nonexempt employees under the FLSA, 29 U.S.C. § 213(a)).

13.     Plaintiff and others similarly situated performed this duty primarily from Defendant's offices or home offices located in Kansas, Missouri and Iowa.

14.     In violation of the FLSA, on a weekly basis throughout their employment with Defendant as mortgage loan originators, the Plaintiff and others similarly situated routinely worked in excess of forty hours per workweek without receiving proper overtime compensation at one and one-half their regular rate of pay for all overtime hours worked as required under the FLSA.  Therefore, Defendant violated its obligations under the FLSA, 29 U.S.C. § 207(a).

15.     Plaintiff estimates that he worked on average 70 hours per workweek each and every workweek employed with Defendant with the exception of weeks involving national holidays or personal/sick leave.

16.     In violation of the FLSA, on a weekly basis throughout their employment with Defendant as mortgage loan originators, Defendant failed to properly record hours

worked by Plaintiff and other similarly situated mortgage loan originators in violation of the FLSA, 29 U.S.C. § 211(c).

17. Regarding the allegations asserted in ¶¶ 14-16, *supra*, Plaintiff observed other mortgage loan originators experiencing the same violations of the FLSA.

18. Defendant's conduct was willful and in bad faith. Defendant was aware, or should have been aware, that Plaintiff and others similarly situated performed work that required payment of overtime compensation and required said employees to record hours worked.

19. Moreover, it is common knowledge within the financial industry that the United States Department of Labor has found loan originators to be non-exempt and entitled to overtime compensation, and that commission income should be included in calculating their overtime rate of pay (U.S. Dept. of Labor, Administrator's Interpretation No. 2010-1, March 24, 2010).

## COUNT I
## FLSA COLLECTIVE ACTION

20. Plaintiff, on behalf of himself and others similarly situated, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

21. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

22. Plaintiff files this action on behalf of himself and all others similarly situated pursuant to the FLSA, 29 U.S.C. §216(b). The proposed collective class for the FLSA claims is defined as follows:

All persons who worked as mortgage loan originators (or persons with similar job duties) for Defendant who were not required to report hours worked and were not paid overtime compensation. (hereafter "FLSA Collective")

23. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. §216(b), for all claims asserted by the Plaintiff because Plaintiff's claims are similar to the FLSA Collective.

24. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as **Exhibit A**.

25. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation at the proper overtime rate of pay for their overtime hours worked in violation of the FLSA.

26. Plaintiff, and the FLSA Collective, are similarly situated in that they all have the same primary job duties, are all subject to Defendant's same corporate policies and procedures governing their job duties, all routinely work(ed) in excess of forty hours per workweek, and are all subject to the same pay policy of Defendant of not reporting hours worked and not paying overtime compensation.

27. Defendant is liable under the FLSA, 29 U.S.C. § 201, *et seq.*, for failing to properly compensate Plaintiff and the FLSA Collective for overtime pay owed.

28. Plaintiff and the FLSA Collective are victims of Defendant's widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, and that have caused significant damage to Plaintiff and the FLSA Collective.

29. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA

within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

30.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered, and will continue to suffer, a loss of income and other damages.  Plaintiff and the FLSA Collective under § 216(b) of the FLSA are entitled to liquidated damages and attorney's fees and costs incurred in connection with enforcing this claim.

31.     The Plaintiff and the FLSA Collective have suffered from Defendant's common policies and would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join.  Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of himself and others similarly situated, pray for relief as follows:

- a)  Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

- b)  Judgment against Defendant finding it failed to properly pay Plaintiff and those similarly situated overtime at the correct overtime rate of pay and for all overtime hours worked as required under the FLSA;

- c)  Judgment against Defendant for Plaintiff and those similarly situated for damages for unpaid overtime pay;

- d)  An amount equal to their damages as liquidated damages;

- e)  A finding that Defendant's violations of the FLSA are willful;

- f)  All costs and attorneys' fees incurred prosecuting this claim;

g)  An award of prejudgment interest (to the extent liquidated damages are not awarded);

h)  Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

i)  Leave to amend to add additional state law claims; and

j)  All further relief as the Court deems just and equitable.

## **LOCATION OF TRIAL**

The location of this trial should be Kansas City, Kansas.

Respectfully Submitted,



*/s/ Brendan J. Donelon*
Brendan J. Donelon, MO Bar. 43901
4600 Madison, Ste. 810
Kansas City, Missouri 64112
Tel:  (816) 221-7100
Fax:  (816) 709-1044
brendan@donelonpc.com

ATTORNEY FOR PLAINTIFF