IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Dustin McAlister, on behalf of himself
and all others similarly situated,**

        **Plaintiff,**

v.     Case No. 18-2274-JWL

**Fidelity Bank,**

        **Defendant.**

## MEMORANDUM & ORDER

Plaintiff Dustin McAlister was employed by defendant Fidelity Bank as a mortgage loan originator ("MLO") in Olathe, Kansas. He filed this wage and hour lawsuit, individually and on behalf of others similarly situated, against defendant alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. Specifically, plaintiff alleges that defendant had a common policy or plan that misclassified MLOs as exempt from the overtime pay requirements of the FLSA and, consequently, paid MLOs on a commission-only basis. This matter is presently before the court on plaintiff's motion for conditional class certification under § 216(b) of the FLSA (doc. 17). As set forth in more detail below, plaintiff's motion is granted in part and denied in part.

*Background*

From June 2017 through May 2018, plaintiff Dustin McAlister worked as a mortgage loan originator for defendant in its Internet Mortgage division. The record reflects that the Internet

Mortgage Division was established in 2017 and that all of defendant's MLOs in this division were located in the Kansas City metropolitan area. Plaintiff estimates that defendant has employed between 14 and 17 individuals as MLOs in the Internet Mortgage Division during the relevant time period. Each of these individuals worked out of his or her home and interacted with borrowers only by telephone and email. Plaintiff worked out of his home in Olathe, Kansas.

As an MLO in the Internet Mortgage division, plaintiff's primary duty was selling financial products in the form of selling mortgages. Toward that end, plaintiff communicated with potential borrowers over the phone regarding available mortgage products; located specific loan products; and sold those products to qualified borrowers. Plaintiff's compensation was based exclusively on his ability to generate these sales. Plaintiff alleges that the majority of his working time was spent attempting to generate sales, including receiving credit applications to locate loan products a potential borrower was qualified to receive based on set criteria set forth in established guidelines. He alleges that his duties did not require him to make any determinations as to what products a potential borrower was qualified to receive and did not permit him to determine whether a potential borrower's mortgage application would be accepted. He simply collected all necessary paperwork from the potential borrower to process the mortgage product that he or she selected; ensured that all necessary paperwork was received and that the information provided therein matched the information initially provided by the potential borrower; and then forwarded that package of paperwork to an underwriter for review and approval. Plaintiff alleges that he had no managerial or supervisory authority.

With respect to his compensation, plaintiff alleges that he was not required to record or report his hours worked and he was never paid for hours worked in excess of forty hours per week.

He contends that he worked between 60 and 70 hours per week during his employment. He was paid a commission rate for loans that sold and was paid a bi-monthly "draw" amount against his commissions earned on loans sold. Plaintiff alleges that, based on his experience and observations, all other MLOs in the Internet Mortgage division performed the same work as plaintiff and were paid on a commission-only basis. In support of his motion, plaintiff has submitted the affidavit of Spencer Davis, another loan originator in the Internet Mortgage division, who confirms that he and other MLOs in that division had the primary duty of selling mortgages and were paid on a commission-only basis.

In short, plaintiff alleges that defendant misclassified all MLOs in the Internet Mortgage division as exempt employees; that all MLOs in the Internet Mortgage division are in fact non-exempt employees entitled to overtime pay under the FLSA; and that defendant, in violation of the FLSA, failed to pay overtime wages to MLOs in the Internet Mortgage division.

*Conditional Certification*

Plaintiff asks the court to certify a class composed of all current and former MLOs in defendant's Internet Mortgage division who worked for defendant in that position any time during the last three years as measured back from the date of this court's order granting conditional certification.[1] Section 216(b) of the Fair Labor Standards Act of 1938 provides for an opt-in

---

[1] In his request for relief, plaintiff initially failed to specify that his proposed class was limited to MLOs in the Internet Mortgage division. After defendant raised the issue in its response brief, plaintiff clarified in his reply that he intends to limit the class to MLOs in the Internet Mortgage division. In addition, plaintiff initially defined the class by measuring three years back from the date plaintiff filed his complaint. In his reply brief, he agrees with defendant that the appropriate measure of time is three years back from the date of the court's order granting conditional

3

collective action where the complaining employees are "similarly situated."  29 U.S.C. § 216(b). The Tenth Circuit has approved a two-step approach in determining whether plaintiffs are "similarly situated" for purposes of § 216(b).  *See Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).  Under this approach, a court typically makes an initial "notice stage" determination of whether plaintiffs are "similarly situated."  *See id.* at 1102 (citing *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).  That is, the district court determines whether a collective action should be certified for purposes of sending notice of the action to potential class members.  *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995).  For conditional certification at the "notice stage," a court "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."  *See Thiessen*, 267 F.3d at 1102 (quoting *Vaszlavik*, 175 F.R.D. at 678). The standard for certification at the notice stage, then, is a lenient one.  *See id.* at 1103.  At the conclusion of discovery, the court then revisits the certification issue and makes a second determination (often prompted by a motion to decertify) of whether the plaintiffs are "similarly situated" using a stricter standard.  *Id.* at 1102–03.  During this "second stage" analysis, a court reviews several factors, including the disparate factual and employment settings of the individual plaintiffs; the various defenses available to defendant which appear to be individual to each plaintiff; and fairness and procedural considerations.  *Id.* at 1103.

In support of his motion, plaintiff has come forward with substantial allegations that all MLOs in the Internet Mortgage division were subjected to a uniform compensation plan.

---

certification. The proposed definition set forth here, then, reflects plaintiff's request as modified through his briefs.

4

Consistent with that plan, none of the MLOs were required to record or report hours worked and none of the MLOS were paid for hours worked in excess of forty hours per week. Plaintiff's substantial allegations reflect that all MLOs in the Internet Mortgage division were paid on a commission-only basis based on loans sold and were paid a bi-monthly "draw" amount against commissions earned on loans sold. Plaintiff has also come forward with substantial allegations demonstrating that he would not qualify as administratively exempt from the minimum wage and overtime compensation provisions of the FLSA based on his typical job duties (which were performed by other MLOs in the Internet Mortgage division).

Defendant opposes certification of the class for three reasons. First, defendant asserts that plaintiff should not be able to obtain certification—even under an admittedly lenient standard—based solely on conclusory allegations that he "should have been paid overtime." According to defendant, that conclusory allegation is not sufficient to establish a common policy or plan. The court rejects this argument because plaintiff clearly has come forward with more than an allegation that he thinks he should have received overtime pay. He has come forward with evidence—his own affidavit and the affidavit of another MLO in the Internet Mortgage division—that defendant maintained a common policy of misclassifying MLOs as exempt and paying MLOs on a commission-only basis. Such evidence is sufficient for purposes of sending notice of the action to potential class members.

Defendant next contends that there are too many differences in the job duties of the MLOs to justify conditional certification, particularly in a misclassification case where, according to defendant, a plaintiff is required to provide allegations or evidence indicating that prospective class members share similar job duties. Defendant highlights that Mr. Davis's affidavit indicates

5

that he worked as a "loan originator and marketing specialist," but there is no evidence that plaintiff worked as a marketing specialist. This argument is rejected. Mr. Davis, in his affidavit, states that he was "employed as a loan originator and marketing specialist with [defendant] from on or about October 2015 through on or about April 2018" and that, while employed in "these positions" he worked out of his home office in Kansas City. In the absence of any evidence from defendant suggesting otherwise, the court construes Mr. Davis's statement to mean that he worked as a marketing specialist beginning in October 2015 (recall that the Internet Mortgage division was not established until 2017) and that at some point after the Internet Mortgage division was established, he began working as a loan originator. Nothing in Mr. Davis's affidavit suggests that he performed marketing duties at any time when he was a loan originator.

Finally, defendant asserts that plaintiff is not similarly situated to the class he seeks to represent because he performed many duties on a regular basis that other MLOs did not perform. Defendant's evidence indicates that plaintiff, among other things, was responsible for analyzing the needs of the Internet Mortgage division and determining how many "leads" the division needed and what price the division was willing to pay for those leads.[2] Defendant contends that plaintiff made this determination on a weekly basis and that substantially all the leads for the division were obtained through plaintiff's work. Defendant also contends that plaintiff was responsible for recruiting individuals to work as MLOs in the Internet Mortgage division. Defendant suggests that while these differences alone are sufficient to show that plaintiff is not

---

[2] Defendant asserts that the MLOs sold loans to individuals who had inquired online about obtaining a mortgage or about refinancing an existing mortgage with Lending Tree or other internet-based services. Defendant then purchased those "leads" from Lending Tree and other service providers and the MLOs would then contact those leads to attempt to sell the mortgage.

6

similarly situated to the class he seeks to represent, the differences also likely render plaintiff an exempt employee such that he is a "stranger to the class" and cannot serve as the "hook" for certification. Because plaintiff's evidence shows that the putative class members all performed similar job duties in the MLO position, the factual disputes created by defendant's contrary evidence are better suited to further analysis at the second state of certification. *See Wass v. NPC Int'l, Inc.*, 2011 WL 1118774, at *5-6 (D. Kan. Mar. 28, 2011) (existence of contrary evidence, including declarations by other employees indicating that no FLSA violations existed, were not relevant at first stage of certification).

In short, the court concludes that plaintiff has met his burden to show that this collective action should be certified for purposes of sending notice of the action to potential class members. The court grants conditional certification of a class of MLOs who worked in defendant's Internet Mortgage division. *Davis v. Capital One Home Loans, LLC*, 2018 WL 3659066, at *6-7 (N.D. Tex. Aug. 2, 2018) (conditionally certifying class of loan officers who originated loan products, were classified as exempt employees, and were paid hourly pay plus commissions); *McDermott v. Federal Savings Bank*, 2018 WL 1865916, at *4-6 (E.D.N.Y. April. 18, 2018) (rejecting motion to certify nationwide class, but conditionally certifying smaller class of loan officers who originated loans, were classified as exempt and were paid exclusively on a commission basis); *Trietsch v. Caliber Homes Loans Inc.,* 2016 WL 11474171, at *2-4 (N.D. Tex. Dec. 1, 2016) (conditionally certifying class of MLOs who were paid pursuant to a "draw against commission" compensation plan); *Rocha v. Gateway Funding Diversified Mortgage Servs., L.P.*, 2016 WL 3077936, at *10-11 (E.D. Pa. June 1, 2016) (conditionally certifying class of loan officers where substantial allegations showed that defendant had unlawful policy of misclassifying loan officers

as exempt to unlawfully avoid paying overtime wages; loan officers were paid by commission based on mortgage sales); *Kelly v. Bank of America*, 2011 WL 4526674, at *2 (N.D. Ill. Aug. 30, 2011) (conditionally certifying class of MLOs who were paid on a draw-against-commission basis and whose primary job duty consisted of originating mortgage loans).

*Proposed Notice Plan*

Plaintiff has submitted a proposed notice and consent-to-join form with his motion for conditional certification and has described to the court his proposed plan to disseminate the notice and consent forms. According to plaintiff, he intends to send the notice to putative class members through regular first-class mail as well as through electronic mail. To facilitate plaintiff in disseminating notice to the putative class, plaintiff asserts that the court should require defendants to produce to plaintiff the names, last known mailing addresses, last known email addresses and last known phone numbers of putative class members. Plaintiff also asks for an order directing defendant to provide social security numbers for any class members whose mailed notices are returned as undeliverable. The proposed notice and consent-to-join form submitted by plaintiff contemplate that the form will be completed, signed, and returned by regular mail within sixty (60) days from the date notice is mailed.

Defendant has raised several objections to plaintiff's notice and dissemination plan, most of which have already been resolved through the parties' submissions. Plaintiff agrees to revise the notice and consent forms to limit the putative class to MLOs in defendant's Internet Mortgage division and agrees that the class period will be measured three years back from the date of this order. Defendant's only remaining objections include that the notice should not reference the

"United States District Court, District of Kansas" in the caption or title of the document and that plaintiff has not shown a need for email addresses and social security numbers of putative class members. While plaintiff accurately highlights that the notice may properly reference the district court's authorization of the notice, he does not discuss defendant's legitimate concern that including a reference to the district court at the top of the notice might give the appearance of judicial endorsement of the merits of the case. The parties are directed to meet and confer about this issue for it appears that the parties can come to an agreement on it.

With respect to the issue of email addresses, plaintiff does not suggest that he anticipates difficulties contacting putative class members such that email notification above and beyond written notice mailed to the home addresses of putative class members might be necessary. *See Fenley v. Wood Group Mustang, Inc*., 170 F. Supp. 3d 1063, 1074 (S.D. Ohio 2016) (general rule is that notice is typically sent by a single method absent some showing that additional method will ensure receipt of notice). The only issue remaining is whether defendant should be required to produce social security numbers for putative class members. Because plaintiff has emphasized that such information would be utilized only in the event that mail is returned as undeliverable, the court concludes that defendant will be required to provide that information if and when plaintiff indicates that a notice has been returned as undeliverable. Defendant must provide that information only if plaintiff stipulates to the confidentiality of such information consistent with an appropriate protective order.

The parties, then, are directed to meet and confer about any outstanding issues relating to the form and substance of the notice and notice plan and, if an agreement is reached, to submit the proposed notice and notice plan to the court for approval no later than Monday, April 8, 2019. If

the parties are unable to reach an agreement, then plaintiff shall file a motion no later than Monday, April 8, 2019 seeking approval of his proposed notice and notice plan. Defendant shall then file its objections to plaintiff's proposed notice or notice plan no later than Friday, April 12, 2018.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for conditional certification (doc. 17) is granted in part and denied in part as described herein.

**IT IS FURTHER ORDERED BY THE COURT THAT** the parties are directed to meet and confer about the form and substance of the notice and, if an agreement is reached, to submit the proposed notice to the court for approval no later than **Monday, April 8, 2019**. If the parties are unable to reach an agreement, then plaintiff shall file a motion no later than **Monday, April 8, 2019** seeking approval of his proposed notice and notice plan. Defendant shall then file its objections to plaintiff's proposed notice or notice plan no later than **Friday, April 12, 2018**.

**IT IS SO ORDERED.**

Dated this 26th day of March, 2019, at Kansas City, Kansas.

                                       s/ John W. Lungstrum
                                       John W. Lungstrum
                                       United States District Judge